DECISION
{¶ 1} This matter comes before this court on appeal from the decision of the Court of Claims of Ohio determining that it lacked jurisdiction over plaintiff-appellant, Lamone Upkins' (hereinafter "appellant") claims against defendant-appellee, Shelby County Adult Probation Department (hereinafter "appellee").
 {¶ 2} On November 26, 2001, appellant filed an action in the Court of Claims asserting a claim for false imprisonment against appellee. Specifically, appellant maintained his revocation of probation was improper and that the prison sentence imposed by the Shelby County Common Pleas Court on July 17, 2001 constituted false imprisonment. After being served with a summons and complaint, the attorney general filed a Suggestion of Lack of Jurisdiction (hereinafter "suggestion") on December 28, 2001. On January 15, 2002, the Court of Claims dismissed appellant's false imprisonment claim finding it lacked jurisdiction over appellant's claim. This appeal followed.
 {¶ 3} his court will construe the following as appellant's assignments of error:
 {¶ 4} "1. Appeal Issues: Questions: Facts!
 {¶ 5} "A-1. If the `civil rules' do not provision for suggestions to a Judge of the Court of Claims; the Court do not have Jurisdiction to Dismiss a claim on such a suggestion: after said claim have mustered `Initial Screening.'
 {¶ 6} "2. A `Symbiotic Relationship' In a Sufficient `close nexus' renders Jurisdisction [sic]; Such exist because Incarceration is in a State Facility, And so The Defendant acts as `Alto [sic] Ego' Of the State; In that agreement enters with the State Parole Board: Depts [sic] are appointed by the Common Pleas System.
 {¶ 7} "A-2. Appeal Questions of Law!
 {¶ 8} "3. Where the State consent to be sued: All Depts., Instrumentalities, Offices, are so consented; Because of the mandates under 42 U.S.C.A 1983. (Yet the State is not a person thereunder)! The Def, incorporate one of the above.
 {¶ 9} "4. Where the suggestion to the Court render R.C. 2743.01(A) as: `State means the State of Ohio including, But limited to' And the actual reading is: `But not limited to' It constitute `Frivolous conduct in a civil action' 1 — above. Dismissals inherently violate 2 — above."
 {¶ 10} Appellant apparently argues the trial court has jurisdiction over his claims pursuant to R.C. 2743.03. Moreover, it appears he contends the trial court was unable to consider the suggestion filed by the attorney general. For the following reasons, we affirm the decision of the trial court.
 {¶ 11} Chapter 2743 of the Ohio Revised Code sets forth the statutes pertaining to the Court of Claims. R.C. 2743.03(A)(1) which establishes the jurisdiction of the Court of Claims, states in pertinent part:
 {¶ 12} "There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code."
 {¶ 13} Furthermore, R.C. 2743.02(E) states, in relevant part: "The only defendant in original actions in the court of claims is the state."
 {¶ 14} "State" is defined in R.C. 2743.01(A):
 {¶ 15} "`State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. `State' does not include political subdivisions."
 {¶ 16} Finally, "political subdivisions" is defined as "municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches." R.C. 2743.01(B).
 {¶ 17} In the instant action, there is no question appellee is an agency of a political subdivision over which the Court of Claims has no jurisdiction. Moreover, the fact that the attorney general, who serves as legal counsel for the state, filed the suggestion does not alter this conclusion. The jurisdiction of the Court of Claims is established by statute and cannot be waived, modified or expanded by the actions of a litigant. As such, the Court of Claims does not have jurisdiction over appellant's complaint and it properly dismissed the action.
 {¶ 18} Therefore, appellant's assignments of error are overruled, and the judgment of the Court of Claims is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.